IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| David Harrell, Jr., ) | Civil Action No.:2:11-02830-MGL-BHH |
| ) | |
| Petitioner, ) | |
| ) | **REPORT AND RECOMMENDATION** |
| v. ) | **OF MAGISTRATE JUDGE** |
| ) | |
| Wayne McCabe, *Warden*, ) | |
| ) | |
| Respondent. ) | |

The Petitioner, a state prisoner, seeks habeas relief for state convictions pursuant to 28 U.S.C. § 2254.  This matter is before the Court on the Respondent's Motion for Summary Judgment.  (Dkt. No. 29; see also Dkt. No. 28.)

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review the instant petition for relief and submit findings and recommendations to the District Court.

The Petitioner brought this habeas action on October 11, 2011. (Dkt. No. 1 at 15 of 15.) On April 4, 2012, Respondent moved for summary judgment. Petitioner, who is represented by counsel, filed his Response in Opposition to the instant motion on June 22, 2012. (Dkt. No. 35.)

**PROCEDURAL HISTORY**

The Petitioner is currently confined at Lieber Correctional Institution. In December of 1998, the Dorchester County Grand Jury indicted Petitioner for (a) possession of a firearm or knife during the commission of a violent crime; (b) armed robbery; (c) possession of a firearm by a convicted felon; and (d) grand larceny of a vehicle. (Dkt. No. 28-1 at 34-41 of 41.) Petitioner was represented by Marva Hardee-Thomas, Esquire. (Dkt. No. 28-4 at 1 of 52.) A jury trial was held on July 27, 1999, before the Honorable Luke N. Brown, Jr. (Dkt. No. 28-4 through Dkt. No. 28-8.) On July 27, 1999, the jury convicted Petitioner of all four

offenses. (See Dkt. No. 28-8 at 23-24 of 32.) Judge Brown sentenced Petitioner to life imprisonment for armed robbery. (Dkt. No. 28-8 at 29 of 32.) Petitioner was also sentenced to ten years for grand larceny of a vehicle, five years for possession of a firearm or knife during the commission of a certain crime, and five years for possession of a firearm by a convicted felon. (Dkt. No. 28-8 at 28-29 of 32.)

Petitioner appealed and was represented on appeal by Daniel T. Stacey, Esquire, Chief Attorney with the South Carolina Office of Appellate Defense. (See Dkt. No. 28-2 at 18 of 26.) In his Final Brief of Appellant, Petitioner raised the following issues:

> 1. Whether the court had jurisdiction to try appellant for armed robbery where the indictment failed to state the essential element of asportation?
>
> 2. Whether the court properly counted a prior New York conviction as a most serious offense to sentence appellant to life without parole for armed robbery under S.C. Code § 17-25-45?

(Dkt. No. 28-2 at 21 of 26.)

In an unpublished opinion filed on October 18, 2000, the South Carolina Court of Appeals affirmed Petitioner's conviction. (Dkt. No. 28-3 at 22-23 of 30.) Petitioner filed a *pro se* Motion for Rehearing. (Dkt. No. 28-3 at 24-29 of 30.) The Court of Appeals denied that motion on January 26, 2001. (Id. at 30.) The remittitur was issued on March 14, 2001. (Dkt. No. 32-2.)

On October 16, 2001, Petitioner filed an application for Post-Conviction Relief ("PCR"). (Dkt. No. 28-1 at 8-13 of 41.) The following questions and answers appeared in his PCR application:

> 9. State concisely the grounds on which you base your allegation that you are being held in custody unlawfully.
>
> The Applicant was denied effective assistance of counsel in violation of the Sixth Amendment to the United States Constitution and Article I, Section 14 of the South Carolina Constitution.

2

10. State concisely and in the same order the facts which support each of the grounds set out in 9:

. . . . In the present case, Applicant was sentenced to a term of life without parole. This sentence was imposed as a result of the Applicant's prior violent felony in New York state. The record reflects that there was some confusion as to the charge the Applicant pled to in New York and whether or not it qualified to serve as an aggravating factor resulting in the life without parole sentence.

The Applicant filed a timely notice of appeal and presented the question of whether the New York conviction could be used to enhance his sentence. The Court of Appeals did not review this issue, however, because trial counsel did not raise an objection at sentencing or ask for a reconsideration of the sentence.

Applicant contends that this failure to object to the enhancement of his sentence meets the test for ineffective assistance of counsel. The New York conviction offered to the Court by the solicitor was the only factor leading to the sentence of life without parole. Applicant was clearly prejudiced by counsel's failure to argue this issue at sentencing.

(Dkt. No. 28-1 at 11-12 of 41.)

An evidentiary hearing was held in this PCR action on July 29, 2003, before the Honorable Rodney A. Peeples. (Dkt No. 28-1 at 22 of 41.)[1] Petitioner was present and represented by Josh Kendrick, Esquire. (Id.) Judge Peeples entered an order denying the application for post-conviction relief and dismissing the petition. (See Dkt. No. 28-1 at 22-27 of 41.) The order appears dated April 20, 2004, but the form "Judgment in a Civil Case" indicates Judge Peeples signed the order dismissing the PCR action with prejudice on July 29, 2003. (Id. at 26-27 of 41.) In any event, this order of dismissal was not served on Petitioner's counsel until April 29, 2004. (Id. at 28.)

Petitioner did not timely serve a Notice of Appeal of Judge Peeples' order.

---

[1]In his Memorandum, Respondent explains that no transcript of this evidentiary hearing is available because it was destroyed due to the fact that a timely appeal was not perfected. (Dkt. No. 28 at 3 n.2; see also Dkt. No. 28-1 at 19-21 of 41.)

3

However, on June 22, 2005, Petitioner filed a second PCR application. In this second PCR application, Petitioner sought the right, pursuant to Austin v. State, 305 S.C. 453, 409 S.E.2d 395 (1991), to appeal the decision in his first PCR application. (Dkt. No. 28-1 at 29-30 of 41.) In a consent order filed November 21, 2008, the Honorable Diane S. Goodstein allowed the belated appeal. (Id. at 31-32.)

Petitioner appealed, and on July 17, 2009, though counsel Joshua Kendrick, Petitioner filed a Petition for Writ of Certiorari. (Dkt. No. 28-9.) In this petition, Petitioner raised the following issue:

> Did the PCR court err in finding that counsel was not ineffective for failing to object to the use of Petitioner's prior conviction for attempted robbery in the first degree under New York state law as a prior offense for purposes of life without parole enhancement under S.C. Code § 17-25-45?

(Dkt. No. 28-9 at 2 of 9.) On September 23, 2010, Petitioner filed a Supplemental Petition for Writ of Certiorari Pursuant to *King v. State*. (Dkt. No. 28-12.) In the supplemental petition, Petitioner raised the following issue:

> Did the Petitioner knowingly and intelligently waive his right to appeal from the order on his first post-conviction case?

(Dkt. No. 28-12 at 2 of 6.)

The Supreme Court of South Carolina issued an order granting the petition for a writ of certiorari from Judge Peeples' order on November 18, 2010. (Dkt. No. 28-13.) After the parties briefed their briefs with the South Carolina Supreme Court, the court dismissed the writ as improvidently granted on September 26, 2011. (Dkt. No. 28-17; see also Dkt. No. 28-14; Dkt. No. 28-15; Dkt. No. 28-16.) The matter was remitted to the lower court on October 13, 2011. (Dkt. No. 28-18.)

Petitioner filed the instant habeas petition *pro se* on October 11, 2011. (Dkt. No. 1 at 15 of 15.) Petitioner filed an amended petition on December 6, 2011, and shortly

4

thereafter, Mr. Kendrick filed a Notice of Appearance on behalf of Petitioner. (Dkt. No. 13;

Dkt. No. 13.) Petitioner raised the following grounds for review:

> **Ground One**: The trial court did not have jurisdiction to try Petitioner for
> armed robbery where the indictment failed to state the essential element of
> asportation.
> **Supporting Facts**: The indictment that purported to charge the Petitioner is
> as follows:
>> That David Harrell did in Dorchester County on or about
>> September 26, 1998, while armed with a deadly weapon, or
>> while alleging, either by action or words, he was armed while
>> using a representation of a deadly weapon or any object which
>> a person present reasonably believed to be a deadly weapon,
>> feloniously take from the person or presence of Elijah Bryant, by
>> means of force or intimidation, goods or monies of said victim.
>> The indictment in the instant matter failed to allege [all] the necessary
> elements for armed robbery.
>> The indictment here failed to allege the essential element of
> asportation. Asportation is clearly an essential element of the crime of
> robbery. S.C. Code § 17-19-20 states that the indictment must substantially
> charge the crime in the language of common law.
>> Here, the essential element of asportation was not alleged in the
> indictment, therefore the trial court was without subject matter jurisdiction to
> convict Petitioner for the offense of armed robbery.
>
> **Ground Two:** The South Carolina Supreme Court erred in finding counsel
> ineffective [sic] for failing to challenge the use of Petitioner's prior conviction
> under New York law as a prior offense for purposes of life without parole
> enhancement.
> **Supporting Facts**: During Petitioner's sentencing hearing the State
> introduced prior records of New York state conviction in support of its request
> for life without parole. Counsel failed to challenge the use of out of state
> conviction for the use of enhancement purposes. The PCR Court and
> subsequently reviewing South Carolina Supreme Court unreasonably applied
> clearly established federal law, and in some instances contrary to U.S.
> precedent.
> Clearly there are Apprendi issues involved as well as ineffective assistance
> of counsel.

(Dkt. No. 1 at 7 of 15; Dkt. No. 13.) In a Second Amended Petition, Petitioner abandoned

Ground One. (See Dkt. No. 21-1 at 2 of 6.) As a result, only the claim raised in Ground Two

is before this Court.

## **APPLICABLE LAW**

5

**Summary Judgment Standard**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "Facts are 'material' when they might affect the outcome of the case, and a 'genuine issue' exists when the evidence would allow a reasonable jury to return a verdict for the nonmoving party." The News & Observer Publ'g Co. v. Raleigh-Durham Airport Auth., 597 F.3d 570, 576 (4th Cir. 2010) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). In ruling on a motion for summary judgment, "'the nonmoving party's evidence is to be believed, and all justifiable inferences are to be drawn in that party's favor.'" Id. (quoting Hunt v. Cromartie, 526 U.S. 541, 552 (1999)); see also Perini Corp. v. Perini Constr., Inc., 915 F.2d 121, 123-24 (4th Cir. 1990).

## DISCUSSION

Respondent contends he is entitled to summary judgment in the instant case because the § 2254 petition is barred by the statute of limitations. The undersigned agrees and therefore recommends granting Respondent's Motion for Summary Judgment. (Dkt. No. 29.)

Pursuant to the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. 104-132, 110 Stat. 1214, an inmate who is incarcerated "pursuant to the judgment of a State court" and who seeks federal post-conviction habeas relief is subject to a one-year statute of limitations. 28 U.S.C. § 2244(d)(1). The one-year period to file a § 2254 petition commences upon the latest of the following dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

6

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2244(d)(1)(A)-(D). The one-year period to file a § 2254 petition, however, is tolled during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." Id. § 2244(d)(2).

An application for post-conviction or other collateral review is not properly filed if the application is untimely under state law. Pace v. DiGuglielmo, 544 U.S. 408, 414 (2005) ("When a postconviction petition is untimely under state law, that [is] the end of the matter for purposes of § 2244(d)(2)." (internal quotation marks omitted) (alteration in original)). In Pace, the United States Supreme Court held that time limits on filing applications for post-conviction or collateral review are filing conditions, no matter the form of the time limit. Id. at 417. Therefore, if an application for post-conviction or collateral review is barred by a state statute of limitations, statutory tolling under § 2244(d)(2) does not apply because the application was not properly filed.

Even if the limitations period is not tolled under the statute, a § 2254 petition may nevertheless be timely if the petitioner can demonstrate that he is entitled to equitable tolling of the limitations period. The Supreme Court recognized that the limitations period may be equitably tolled if the petitioner shows (1) he has been diligently pursuing his rights and (2) some extraordinary circumstance stood in his way, preventing him from timely filing his habeas petition. Holland v. Florida, 130 S.Ct. 2549, 2562 (2010) (quoting Pace, 544 U.S.

7

at 418). Therefore, "specific circumstances . . . could warrant special treatment in an appropriate case." Id. at 2563.

Respondent contends Petitioner's conviction became final on February 26, 2001, thirty days after the Court of Appeals denied Petitioner's *pro se* Motion for Rehearing. (See Dkt. No. 28-3 at 30 of 30.)[2] Petitioner filed his application for post-conviction relief on October 16, 2001. (Dkt. No. 28-1 at 8-13 of 41.) Respondent contends 232 days of untolled time had passed at the time Petitioner filed his application for PCR on October 16, 2001.[3]

Petitioner's first PCR application was a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim," so the one-year statute of limitations was tolled beginning on October 16, 2001, for as long as that application was "pending." 28 U.S.C. § 2244(d)(2). As noted above, it is unclear exactly when the order denying the first PCR application was signed, but "Respondent does not dispute that counsel may not have received it until May 2004, based on the findings in the Consent Order." (Dkt. No. 28 at 10.) In arguing the statute of limitations has run, Respondent uses May 31, 2004 as the date counsel received Judge Peeples' order. (Id.) If counsel received that order on May 31, 2004, "counsel should have filed a notice of appeal from the 2003 order no later than June 30, 2004." (Id.)

Petitioner did not file anything else until he filed his second PCR application on June 22, 2005. (Dkt. No. 28-1 at 29-30 of 41.) Three-hundred and fifty seven days passed during this time when nothing was pending.[4]

---

[2]The Court of Appeals denied the motion on January 26, 2001. (Dkt. No. 28-3 at 30 of 30.) Thirty days later was Sunday, February 25, 2001.

[3]Petitioner calculates 273 days of untolled time passed before Petitioner filed his first PCR action. (See Dkt. No. 21-1 at 5 of 6.) Whether the correct figure is 273 days or 232 days is not material, as the petition is time-barred under either scenario.

[4]June 30, 2004 to June 22, 2005, is 357 days.

Respondent contends the instant habeas petition is time-barred because "the Petition was not filed until five hundred eighty-nine (589) days after his convictions became final." (Dkt. No. 28 at 10.)

In his Response in Opposition, Petitioner contends his habeas petition is not barred by the statute of limitations because he was allowed a belated appeal pursuant to the South Carolina Supreme Court's decision in Austin v. State, 305 S.C. 453, 409 S.E.2d 395 (1991). (See Dkt. No. 35 at 1-2.)

Resolution of the statute of limitations issue turns on whether these 357 days between June 30, 2004, and June 22, 2005, are tolled pursuant to 28 U.S.C. § 2244(d)(2). If these 357 days are tolled, the instant habeas petition is timely; if not, the petition is untimely. Petitioner argues these 357 days are tolled because "[t]he practical effect of an *Austin* order is to place the petitioner in the same position he would have been in had the appeal been properly filed. In other words, the appeal was considered timely." (Dkt. No. 35 at 2.) According to Petitioner, "[t]he *Austin* order resulted in Harrell being involved in state post-conviction procedures from the time he filed the post-conviction relief action to the time his case was finally decided by the South Carolina Supreme Court." (Id.) Citing to Taylor v. Lee, 186 F.3d 557 (4th Cir. 1999), Petitioner contends the Fourth Circuit "has agreed with [Petitoner's] view of 'pending' for purposes of a federal habeas corpus action." (Id.)

The undersigned disagrees with Petitioner's interpretation of the term "pending" and therefore recommends granting Respondent's Motion for Summary Judgment. In Taylor, the State argued–and the district court agreed–that the period of time between (a) when the motion for appropriate relief ("MAR") was denied by the North Carolina Superior Court, and (b) when the petitioner filed a petition for writ of certiorari from the North Carolina Supreme Court, was not tolled pursuant to 28 U.S.C. § 2244(d)(2). See Taylor, 186 F.3d at 560. The Fourth Circuit rejected this analysis, stating,

9

> We . . . hold that under § 2244(d)(2) the entire period of state post-conviction proceedings, from initial filing to final disposition by the highest state court (whether decision on the merits, denial of certiorari, or expiration of the period of time to seek further appellate review), is tolled from the limitations period for federal habeas corpus petitioners who were already involved in state post-conviction proceedings on April 24, 1996.

Taylor, 186 F.3d at 561.

Contrary to Petitioner's argument, Taylor is not on point, as Taylor does not address the issue of an out-of-time appeal. There is, however, a Fourth Circuit opinion directly on point: Allen v. Mitchell, 276 F.3d 183 (4th Cir. 2001). Pursuant to Allen, Harrell's § 2254 petition is barred by time. Allen addresses "the operation of § 2244(d)(2) when a prisoner files an *untimely* petition for appellate review during state collateral review proceedings." Allen, 276 F.3d at 185 (emphasis in original). The court stated,

> When a prisoner files an untimely appellate petition during state collateral review proceedings, three periods are relevant to the availability of tolling for the time span between the denial of relief by the lower court and the conclusion of appellate proceedings: the interval between the lower court decision and the deadline for seeking review ("Appeal Period"); the interval between this deadline and the filing of an appellate petition ("Post Deadline Period"); and the interval during which the appellate petition is under review by the state court ("Review Period").

Id. Citing Taylor, the court noted that "the statute of limitations is tolled pursuant to § 2244(d)(2) during the Appeal Period." Id. (citing Taylor, 186 F.3d at 561). The court further noted that "the plain language of § 2244(d)(2) requires tolling during the Review Period if the appellate petition was 'properly filed.'" Id.

The specific question addressed in Allen was whether the statute "should be tolled during the Post Deadline Period." Id. The Fourth Circuit concluded the Post Deadline Period is *not* tolled pursuant to § 2244(d)(2):

> Allowing tolling after the Appeal Period expires does not promote exhaustion of state remedies, because a prisoner ordinarily has no remedies available at that point. It is true that state courts frequently suspend or create exceptions to their procedural rules, and that review may therefore be available even

after applicable deadlines have expired. The Fifth, Seventh, and Tenth Circuits have accounted for this possibility by allowing tolling during the Review Period, while the untimely petition is actually under consideration by the state court. See Melancon, 259 F.3d at 405; Gibson, 232 F.3d at 807; Fernandez, 227 F.3d at 979-80. We believe this is sufficient and that a contrary approach would undermine the statute of limitations by allowing state courts to extend indefinitely the time for seeking federal review. See Melancon, 259 F.3d at 407. Accordingly, we join the Fifth, Seventh, and Tenth Circuits in disallowing tolling during the Post Deadline Period.

Allen, 276 F.3d at 186 (citing Melancon v. Kaylo, 259 F.3d 401, 406-07 (5th Cir.2001); Gibson v. Klinger, 232 F.3d 799, 807 (10th Cir.2000); Fernandez v. Sternes, 227 F.3d 977, 979-81 (7th Cir.2000)).

Petitioner seeks to have the Post Deadline Period tolled, but such tolling is precluded by Allen. As a result, the 357 days within this period are not tolled pursuant to § 2244(d)(2). Using Respondent's calculation of 232 days of untolled time prior to Petitioner filing his PCR application, plus these 357 days, the total untolled time is 589 days.[5] The instant habeas petition is therefore barred by time.

The undersigned further recommends concluding that Petitioner is not entitled to equitable tolling. Petitioner has not shown that he was diligent in pursuing his rights or that some extraordinary circumstance stood in his way, preventing him from timely filing his habeas petition.[6] In short, there is no reason to conclude that Petitioner is entitled to

---

[5]Using Petitioner's calculation of 273 days of untolled time prior to the filing of the first PCR action, the total untolled days that passed prior to filing the instant habeas petition is 630 days.

[6]Petitioner's attorney, the same attorney who represented Petitioner in the state PCR proceedings, indicates that at the time Judge Peeples' order was served on him, he "was involved in a complex pharmaceutical liability case involving volumes of records and scientific evidence." (Dkt. No. 35 at 1 of 11.) Counsel states that someone in his office "[i]nexplicably" filed the PCR order in one of the boxes of evidence in the pharmaceutical case. (Id.) Counsel further states that when he discovered the order, he contacted the South Carolina Attorney General's office and ultimately filed the second PCR action on behalf of Petitioner. (Id. at 1-2.) Certainly that occurrence was an unfortunate one, but the undersigned concludes, in light of the case law, that such a mistake was not an "extraordinary circumstance" that "stood in [Petitioner's] way and prevented timely filing."

11

equitable tolling. See Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000) ("Harris argues that equitable considerations justify tolling in his case because the missed deadline was the result of an innocent misreading of the statutory provision by his counsel. While we agree that the mistake by Harris' counsel appears to have been innocent, we cannot say that the lawyer's mistake in interpreting a statutory provision constitutes that 'extraordinary circumstance' external to Harris that would justify equitable tolling."); see also United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) ("[E]ven in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling."); Bogan v. South Carolina, 204 Fed. App'x 160, 160-61 (4th Cir. 2006) ("Recourse to equitable tolling must be guarded and infrequent. Consequently, equitable tolling is appropriate only when the government's wrongful conduct prevents a petitioner from filing a timely petition or when extraordinary circumstances beyond the petitioner's control make timely filing impossible. While Bogan's counsel described the reason for her error in computing the limitations period, this court has specifically stated that a calendaring mistake does not present the extraordinary circumstance where equity should step in to give the party the benefit of his erroneous understanding." (internal quotation marks and citations omitted)); Parmaei v. Jackson, 378 Fed. App'x 331, 332 (4th Cir. 2010) ("[W]e conclude that equity should operate to allow [the petitioner] to pursue on § 2254 those claims that, but for the clerk's docketing failure, would have been timely before the district court.").

---

Holland, 130 S.Ct. at 2562; see also id. at 2564 (noting the Court had "previously held that a garden variety claim of excusable neglect, such as a simple 'miscalculation' that leads a lawyer to miss a filing deadline does not warrant equitable tolling" (citations omitted)).

## CONCLUSION

It is therefore RECOMMENDED, for the foregoing reasons, that Respondent's Motion for Summary Judgment (Dkt. No. 29) be GRANTED; and the Petitioner's habeas petition be DISMISSED WITH PREJUDICE. The undersigned further RECOMMENDS that a certificate of appealability be DENIED.[7]

IT IS SO RECOMMENDED.

s/Bruce Howe Hendricks
United States Magistrate Judge

November 2, 2012
Charleston, South Carolina

**The Petitioner's attention is directed to the important notice on the next page.**

---

[7]     Title 28, Section 2253 provides in relevant part,
(c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
    (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
    (B) the final order in a proceeding under section 2255.
28 U.S.C. § 2253. A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683 (4th Cir. 2001). In the case *sub judice*, the legal standard for a certificate of appealability has not been met. The undersigned therefore recommends that a certificate of appealability be denied.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).