**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| DAVID HARRELL, JR., ) | |
| ) | No. 2:11-cv-02830-DCN-BHH |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| WAYNE MCCABE, Warden, ) | |
| ) | |
| Respondent. ) | |
| ) | |

Petitioner David Harrell, Jr., a state prisoner, seeks habeas corpus relief under 28 U.S.C. § 2254. The matter was reviewed by the magistrate judge, who submitted a Report and Recommendation (R&R) that respondent's motion for summary judgment be granted and the petition be denied. Petitioner filed written objections to the R&R. For the reasons set forth below, the court adopts the magistrate judge's R&R and grants respondent's motion for summary judgment.

## I. BACKGROUND

Harrell was indicted in December 1998 for possession of a firearm or knife during the commission of a violent crime; armed robbery; possession of a firearm by a convicted felon; and grand larceny of a vehicle. A jury trial was held on July 27, 1999, and Harrell was convicted of all offenses. The trial judge sentenced Harrell to life imprisonment for armed robbery and concurrent sentences of ten years for grand larceny of a vehicle, five years for possession of a firearm or knife during the commission of a violent crime, and five years for possession of a firearm by a convicted felon. Harrell appealed and was represented by counsel. On October 18, 2000, the South Carolina Court of Appeals

1

affirmed the convictions and sentence. Harrell then filed a pro se motion for rehearing, which was denied on January 26, 2001. The remittitur was issued on March 14, 2001.

Harrell filed an application for post conviction relief (PCR) on October 16, 2001. On July 29, 2003, an evidentiary hearing was held where Harrell was represented by counsel. The circuit court judge denied the PCR application and dismissed the case with prejudice. Although the order of dismissal was signed on July 29, 2003, the parties stipulate it was not received by Harrell's counsel until May 31, 2004. Harrell did not file a timely notice of appeal.

On June 22, 2005, Harrell filed an appeal pursuant to Austin v. State, 409 S.E.2d 395 (S.C. 1991).[1] A consent order was filed on November 21, 2008, allowing the belated appeal. With counsel, Harrell filed a petition for writ of certiorari on July 17, 2009, followed by a supplemental petition for writ of certiorari on September 23, 2010. The South Carolina Supreme Court issued an order granting the petition for writ of certiorari, but later dismissed the writ as improvidently granted on September 26, 2011. The remittitur was issued on October 13, 2011.

On October 11, 2011, Harrell, appearing pro se, filed the instant habeas petition in federal court pursuant to 28 U.S.C. § 2254. He filed an amended petition on December 6, 2011, followed by a second amended petition on January 17, 2012. Harrell argues that the South Carolina Supreme Court erred in not finding his trial counsel's assistance ineffective.[2]

---

[1] "An Austin appeal is used when an applicant is prevented from seeking appellate review of a denial of his or her PCR application, such as when an attorney fails to seek timely review." Odom v. State, 523 S.E.2d 753, 756 (S.C. 1999).

[2] Harrell originally asserted two grounds for relief when filing his habeas petition. For his first ground, he contended that the trial court did not have jurisdiction to try him for armed robbery, as

On April 4, 2012, respondent filed a motion for summary judgment. Respondent asserts that the habeas petition filed by Harrell must be dismissed because it was filed outside of the one-year limitations period established by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Harrell responds that his habeas petition is not untimely because the time between the conclusion of his first PCR action and the filing of his Austin appeal should be statutorily tolled under 28 U.S.C. § 2244(d)(2).

## II.   STANDARD OF REVIEW

This court is charged with conducting a de novo review of any portion of the magistrate judge's R&R to which specific, written objections are made. 28 U.S.C. 636(b)(1). The court may adopt the portions of the R&R to which the plaintiff did not object, as a party's failure to object is accepted as agreement with the conclusions of the magistrate judge. Thomas v. Arn, 474 U.S. 140, 149-50 (1985). The recommendation of the magistrate judge carries no presumptive weight and the responsibility to make a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270-71 (1976). This court may accept, reject, or modify the report of the magistrate judge, in whole or in part, or may recommit the matter to her with instructions for further consideration. 28 U.S.C. § 636(b)(1).

The AEDPA provides relief to persons in custody pursuant to the judgment of a state court on the ground that the custody is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The statute requires a petitioner to exhaust all available remedies in state court before the federal court may consider a

---

the indictment failed to state the element of asportation. In his second amended petition, Harrell withdraws this argument and proceeds solely on his second ground, which is for ineffective assistance of counsel.

claim.  Id. § 2254(b)(1)(A).  Further, the AEDPA requires that an application for writ of habeas corpus be filed within one year from the latest of:

> (A) the date on which judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively application to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id. § 2244(d)(1).  Section 2244(d)(2) allows for tolling of the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  Id. § 2244(d)(2).

### III.  DISCUSSION

Harrell objects to the magistrate judge's finding that the habeas petition is time-barred, asserting that the time between the conclusion of his first PCR application and the belated filing of his appeal should be statutorily tolled as the matter was "pending" as provided by 28 U.S.C. § 2244(d)(2).

In Carey v. Saffold, 536 U.S. 214 (2002), the Supreme Court defined "pending" under § 2244(d)(2) as follows:  "[A]n application is pending as long as the ordinary state collateral review process is 'in continuance'- i.e., 'until the completion of' that process. In other words, until the application has achieved final resolution through the State's post-conviction procedures, by definition it remains 'pending.'"  Id. at 219-20.  The Court

further clarified in <u>Evans v. Chavis</u>, 546 U.S. 189 (2006), that the time "an application for state post conviction review is 'pending' includes the period between (1) a lower court's adverse determination, and (2) the prisoner's filing of a notice of appeal, provided that the filing of the notice of appeal is *timely* under state law." <u>Id.</u> at 849 (emphasis added).

In <u>Allen v. Mitchell</u>, 276 F.3d 183 (4th Cir. 2011), the Fourth Circuit laid out three periods that are relevant when determining the availability of tolling in the case of an out-of-time PCR appeal. First, there is the "Appeal Period," the time "between the lower court decision and the deadline for seeking review." <u>Id.</u> at 185. Second, the "Post Deadline Period" is the "interval between the deadline and the filing of an appellate petition." <u>Id.</u> Last is the "Review Period," which consists of the time "during which the appellate petition is under review by the state court." <u>Id.</u> The court concluded that § 2244(d)(2) tolling applies only to the Appeal Period and the Review Period because permitting tolling of the Post Deadline Period "would undermine the statute of limitations by allowing state courts to extend indefinitely the time for seeking federal review." <u>Id.</u> at 186.

The court agrees with the magistrate judge that Harrell's PCR application was not "pending" as that term is understood under 28 U.S.C. § 2244(d)(2). Following the conclusion of Harrell's direct appeal of his convictions and sentence, 232 days elapsed prior to the filing of his first PCR application. An additional 357 days of untolled time passed during the "Post Deadline Period," i.e., the time from the end of the Appeal Period to the filing of his belated appeal. <u>See</u> <u>Allen</u>, 276 F.3d at 186 (disallowing tolling during the Post Deadline Period). Thus, the petition was not filed within one year of the date on

which judgment became final and is time-barred.[3]  See, e.g., Moore v. Crosby, 321 F.3d 1377, 1380 (11th Cir. 2003) (finding that AEDPA's § 2244(d)(2) "statutory tolling provision does not encompass the period of time in which a state prisoner does not have a 'properly filed' post-conviction application actually pending in state court"); McHoney v. South Carolina, 518 F. Supp. 2d 700, 705 (D.S.C. Aug. 14, 2007) (holding that petitioner's first PCR application "ceased to be 'pending' for purposes of calculating the tolling of the federal limitations period" upon the expiration of time for a timely appeal); Hepburn v. Eagleton, No. 6:11-cv-2016, 2012 WL 4051126, at *3 (D.S.C. Sept. 13, 2012) ("[T]he petitioner's . . . PCR application did not remain 'pending' under § 2244(d)(2) during the time period between the denial of the first PCR application and the grant of the belated appeal."); Israel v. McCall, No. 3:11-2999, 2012 WL 3877669, at *2 (D.S.C. Sept. 6, 2012) (adopting the R&R's finding that time was not tolled between the conclusion of an initial PCR application and the filing of an "Austin PCR because there is no proceeding pending during that time").

Finally, Harrell did not object to the R&R's finding that he was not entitled to equitable tolling.  The court has nonetheless reviewed the discussion and agrees with the magistrate judge that equitable tolling is not appropriate in this case.

## IV.   CONCLUSION

For the reasons set forth above, the court **ADOPTS** the magistrate judge's R&R and **GRANTS** respondent's motion for summary judgment.

---

[3] Harrell principally relies on Taylor v. Lee, 186 F.3d 557 (4th Cir. 1999), to support his argument that the period for filing a habeas petition is tolled between the conclusion of his initial PCR application and the filing of his belated appeal.  However, Taylor did not address the issue of tolling as it relates to an out-of-time appeal of the denial of a PCR application.

The court also **DENIES** a certificate of appealability because petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**AND IT IS SO ORDERED**.

_____
**DAVID C. NORTON
UNITED STATES DISTRICT JUDGE**

**February 26, 2013
Charleston, South Carolina**

7